In the Matter of the Application of FANNIE FRANKEL, Petitioner, against JOSEPH GOLDSTEIN, Respondent.

Domestic Relations Court, Family Court, Borough of Brooklyn, May 20, 1935.

*Louis Bergner*, for the petitioner.

*Epstein & Lerner*, for the respondent.

PANKEN, J. The facts in this case are rather simple. The petitioner is the daughter of the respondent. She is a mother in her own right. The evidence discloses that she has no property of any character or description, and she thus has no means of support. She is not working and is unable to find any work. The respondent, the father of the petitioner, is engaged in the coal business and owns two pieces of property; one in the borough of Manhattan; the other in the borough of Brooklyn. There are some returns from each of these pieces of property. These, in short, are the facts. The petitioner contends that she is entitled to support from her father, even though she has reached the age of thirty-two; and that contention rests in subdivision 4 of section 101

of the Domestic Relations Court Act. That subdivision reads: " The parents, the grandparents, the children and the grandchildren of a dependent adult who has been a resident of the city at any time during the twelve months preceding the filing of the petition for his support, and who is unable to maintain himself and is likely to become a public charge are hereby declared severally chargeable with the support of such poor relative."

I conclude that both the petitioner and the respondent have been residents of the city of New York for twelve months preceding the filing of the petition herein. It is evident that when the statute speaks of " his," it includes " her " as well.

A reading of the statute, and following the clear and intended meaning of the words in the statute contained, makes a determination obligating the father of this petitioner to support her inescapable.

As far as I have been able to ascertain, there has been no construction of subdivision 4 of section 101 of the Domestic Relations Court Act by any court. It would appear harsh to require a parent of some fifty-eight or fifty-nine years of age to support a daughter thirty-two years old. The intention, however, of the statute is that that should be required, and upon careful consideration the purpose of the statute is not at all harsh. If a parent is able, if a parent is wealthy, and his dependent is poor and a public charge, or apt to become such a public charge, the obligation should rest with the parent rather than with strangers; with the individual who is in *loco parentis*, rather than with the community. The parent able to provide for an indigent adult child is as liable for its support as children for their dependent parents.

On behalf of the respondent it is urged that the petitioner is not a public charge, and not apt to become a public charge, for the reason that her child had a trust fund of something over a thousand dollars, out of which the surrogate had permitted twelve and a half dollars weekly to be paid for the maintenance of the child who, the testimony shows, is in need of medical care. To give color to this contention, to give consideration to this argument, would, in effect, transfer the obligation to maintain the dependent petitioner from the father, who is able to provide for her, to the sick child, who, when the $300 balance of the trust fund is exhausted, would also be a dependent. Aside from that, the record is barren of any proof that any part of the twelve and a half dollars allowed by the surrogate for the maintenance of the child can be diverted to the maintenance of the petitioner, or that the child does not need every penny of this allowance.

It follows, that the respondent, being able to provide for the dependent petitioner, the petitioner being likely to become a public charge and dependent entirely upon the help that she may be able to obtain from the respondent, that an order for support should be entered herein.